UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LHHMW TRUST,<br><br>         Plaintiff,<br><br>    vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>         Defendants. | CASE NO.:<br><br>COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, VIOLATION OF THE INSURANCE FAIR CONDUCT ACT, AND NEGLIGENCE |

**INTRODUCTION**

1. Plaintiff LHHMW Trust ("Plaintiff"), brings this action for breach of contract, insurance bad faith, violation of the Insurance Fair Conduct Act ("IFCA"), and negligence. The causes of action relate to defendant Transamerica Life Insurance Company's ("Transamerica") wrongful denial of life insurance benefits under a policy it issued to Leland J. Anderson II, which listed Plaintiff as the beneficiary in the event of Leland's death.

**JURISDICTION**

2. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332, as complete diversity of the parties exist and the amount at controversy is over $75,000.

**PARTIES AND VENUE**

3. Defendant Transmerica is a corporation with its principal place of business in the State of Idaho, incorporated in Idaho, and is authorized to transact and is transacting business in the Western District of Washington.

4. Plaintiff is a trust that was made and executed by Leland in the State of Washington. Specifically, Leland signed the trust in the Western District of Washington.

5. Venue lies in the Western District of Washington, because the policy was taken out in this District and the breaches alleged occurred in this District. Under 28 U.S.C. § 1391(a), a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

6. As required by Washington law, Plaintiff provided notice to Transamerica and to Washington State Insurance Commissioner of its intent to bring a claim under the Insurance Fair Conduct Act, and more than 20 days have passed since the notice was filed. A true and correct copy of that communication is attached as Exhibit A.

## FACTS

7. In 1989, Leland J. Anderson II purchased $1,000,000 in life insurance coverage through Transamerica Occidental Life Insurance Company, now known as Transamerica. He was issued policy number 92254522 ("policy") on January 19, 1989. At the time, and at all times thereafter, Leland was a resident of the State of Washington. He named Plaintiff as the sole primary beneficiary of the life insurance policy. After naming Plaintiff as the sole primary beneficiary of the policy, Leland never changed the designation of Plaintiff as the sole primary beneficiary of the policy and Plaintiff was the beneficiary of the policy on the day Leland died.

8. The premiums due to maintain the policy were paid annually. Each annual premium payment maintained the policy in full force and effect for a year.

9. All premiums due to maintain the policy in full force and effect were paid prior to Leland's death.

10. The final annual premium payment under the policy prior to Leland's death was made via a cashier's check dated February 18, 2021.

11. Leland died on September 12, 2021.

12. Following Leland's death, Plaintiff made a claim for policy benefits. Prior to Transamerica issuing a decision on the claim, Transamerica confirmed to Plaintiff's trustee that the policy was in force.

13. Despite all annual premiums having been made, following Leland's death, Transamerica refused to pay the policy benefits to Plaintiff. Transamerica claimed the policy had lapsed on June 19, 2021 due to a lack of premium payments necessary to keep it in force.

14. After being informed by Transamerica that the policy had lapsed prior to Leland's death, Plaintiff requested a copy of all phone recordings that had taken place over the prior 12 months, a copy of all previous cashiers checks provided to Transamerica, a copy of all correspondence over the prior 12 months, and a statement about where the premium payment made via the cashier's check dated February 18, 2021 had been applied. Transamerica failed to provide this information.

15. Under the life insurance policy, Transamerica was required to distribute benefit proceeds to Plaintiff upon the covered death of Leland if the life insurance policy was in effect as of that date. Leland passed away on September 12, 2021. Via the yearly premium payment made with the February 18, 2021 cashier's check, the life insurance policy was in effect as of September 12, 2021. Leland's death was a covered event under the life insurance policy.

16. Despite notice from Plaintiff of Leland's death, Transamerica has refused and failed to distribute benefit proceeds to Plaintiff upon the death of Leland under the life insurance policy. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the life insurance policy.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

17. Plaintiff incorporates Paragraphs 1 through 16 as though fully set forth herein.

18. Transamerica was at all times required to comply with Washington law.

19. Leland's death was a covered event under the life insurance policy.

20. At the time of Leland's death, Plaintiff was the sole named beneficiary of the life insurance policy and entitled to the death benefit.

21. Plaintiff made a valid claim for benefits under the life insurance policy.

Transamerica denied Plaintiff's claim in breach of the life insurance policy.

22. As a direct and proximate result of Transamerica's breach of the life insurance policy, Plaintiff has been damaged in an amount to be proven at trial, but not less than the $1,000,000 in life insurance benefits due under the policy.

## SECOND CAUSE OF ACTION FOR BAD FAITH

23. Plaintiff incorporates Paragraphs 1 through 22 as though fully set forth herein.

24. Transamerica owed to Plaintiff an affirmative duty to act in good faith, which included, at a minimum, the duties to (a) promptly distribute benefit proceeds to Plaintiff upon the death of Leland; (b) correctly represent pertinent facts and insurance policy provisions; and (c) accurately following the law regarding policy lapses.

25. Transamerica breached the aforementioned duties by unreasonably denying benefits owed to Plaintiff upon the death of Leland; and failing to conduct a reasonable investigation into the circumstances surrounding Plaintiff's claim for benefits.

26. As a direct and proximate result of Transamerica's bad faith, Plaintiff has suffered financial and emotional distress.

27. As a direct and proximate result of Transamerica's bad faith, Plaintiff has been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION FOR VIOLATION OF THE INSURANCE FAIR CONDUCT ACT

28. Plaintiff incorporates Paragraphs 1 through 27 as though fully set forth herein.

29. Transamerica's multiple breaches of its duty of good faith, as alleged above, violated WAC 284-30-300 et seq; RCW 48.30.010; and RCW 48.30.015 and constitute violations of the IFCA.

30. Transamerica unreasonably denied Plaintiff's claim for payment of benefits within the meaning of RCW 48.30.015(1).

31. In addition to unreasonably denying Plaintiff's claim for payment of benefits in this case, Transamerica has violated the following provisions of the Washington Administrative Code:

- By claiming the Policy had lapsed, Transamerica misrepresented pertinent facts or

insurance policy provisions in violation of WAC 284-30-330(1);

- Transamerica failed to acknowledge and act reasonably promptly to communications with respect to the claim for benefits under the Policy in violation of WAC 284-30-330(2);
- Transamerica failed to adopt and implement reasonable standards for the prompt investigation of claims in violation of WAC 284-30-330(3);
- Transamerica refused to pay this claim without conducting a reasonable investigation in violation of WAC 284-30-330(4);
- Transamerica failed to affirm or deny coverage within a reasonable time after proof of loss documentation was submitted in violation of WAC 284-30-330(5);
- Transamerica did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim, for which liability was reasonably clear, in violation of WAC 284-30-330(6);
- Transamerica failed to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for a denial of the claim in violation of WAC 284-30-330(13).

32. As a direct and proximate result of Transamerica's actions, Plaintiff has suffered emotional distress.

33. Plaintiff has suffered actual damages as a direct and proximate result of Transamerica's violations of the IFCA, in an amount to be proven at trial.

34. Plaintiff's actual damages should be trebled under RCW 48.30.015.

### FOURTH CAUSE OF ACTION FOR NEGLIGENCE

35. Plaintiff incorporates Paragraphs 1 through 34 as though fully set forth herein.

36. Transamerica had a duty to use ordinary care, including a duty to comply with WAC 284-30-300 et seq; RCW 48.30.010; and RCW 48.30.015, in its course of conduct relating the life insurance policy and Plaintiff's claim, as explained in RCW 5.40.050.

37. Rather than comply with its duty of care, Transamerica violated WAC 284-30-300 et seq; RCW 48.30.010; and RCW 48.30.015 as set forth above.

38. Transamerica's violation of these statutory and regulatory provisions and failure to use ordinary care constitute negligence by Transamerica.

39. As a direct and proximate result of Transamerica's negligence, Plaintiff has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Transamerica as follows:

A. All damages proximately caused by Transamerica's breach of contract, including life insurance policy benefits owed of $1,000,000;

B. All damages proximately caused by Transamerica's bad faith, violation of the IFCA, and negligence;

C. Trebling of Plaintiff's actual damages under the IFCA;

D. Award Plaintiff reasonable attorneys' fees and actual and statutory costs of suit incurred herein, including expert witness fees;

E. Pre and post-judgmetn interest at the maximum legal rate, and;

F. Provide such other relief as the Court deems equitable and just.

DATED:  February 16, 2023                KANTOR & KANTOR, LLP

By:   /s/ Stacy Tucker
Stacy Tucker
Attorneys for Plaintiff
Rowena Constantino-Miller
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
E-mail: @kantorlaw.net
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

# EXHIBIT A

**KANTOR & KANTOR LLP**

19839 NORDHOFF STREET ▪ NORTHRIDGE ▪ CA 91324
TEL (818) 886-2525 ▪ FAX (818) 350-6272
WWW.KANTORLAW.NET

September 12, 2022

<u>**Via Certified Mail, Return Receipt Requested**</u>
Transamerica Life Insurance Company
4333 Edgewood Rd. NE
Cedar Rapids, IA 52499

Office of the Insurance Commissioner
Insurance Fair Conduct Act Claim Notification
Office Support Unit
P.O. Box 40255
Olympia, WA 98504

  RE: **IFCA Notice to Sue and Request For Documents**
     Your Insured: Dr. Leland J. Anderson II/beneficiary LHHMW Trust
     Policy No.: 92254522

To the Transamerica Life Insurance Company ("Transamerica"):

  We represent the LHHMW Trust, the beneficiary of the life policy you issued to your insured, Leland J. Anderson II. As you are aware, Dr. Anderson passed away on September 12, 2021.

  We are informed and believe that Dr. Anderson had at least one policy with Transamerica that lists LHHMW Trust as the beneficiary. We require that copies of any policy issued to Dr. Anderson by Tranamerica listing LHHMW Trust be provided to us by October 12, 2022. We also request a copy of your file for any policies issued to Dr. Anderson, including policy NO. 92254522 ("the policy"). Without limiting the scope of this request, this includes all communications regarding the potential lapse of the policy and all evidence of Transamerica's receipt of premium payments—regardless of what Transamerica did with those premium payments. Please also include any recordings of conversations related to the policy or the policy's beneficiaries.

  The premiums for the policy were paid on an annual basis. Via a cashier's check dated February 18, 2021, the final annual premium payment prior to Dr. Anderson's death was made. A copy of the cashier's check is attached. This payment would have kept the policy in force through at least the start of 2022.

  It is our understanding that Transamerica claims the policy lapsed for non-payment of premiums on June 19, 2021. Considering Transamerica had received the above annual premium payment, this cannot have happened. The annual premium was made months prior. Further, based on the letter dated July 19, 2021—the single letter Transamerica produced to the LHHMW Trust following Dr. Anderson's death, Transamerica did not

Transamerica
September 12, 2022
Page 2

follow the law regarding notification of a potential lapse for non-payment of premiums (even though, here, the premium payment was made).

My client is prepared to file suit in this matter for breach of contract, insurance bad faith, and violations of the Insurance Fair Conduct Act after the statutory 20 day waiting period if you do not reverse your denial and pay the claim in full under all policies for which the LHHMW Trust is a beneficiary. If your tortious conduct in administering this claim causes the LHHMW Trust to incur attorneys' fees or other damages in protecting its rights it will seek those damages from Transamerica.

Again, please provide by October 12, 2022 copies of the insurance policies you issued to Dr. Anderson that list my client as a beneficiary, along with any claim files and recordings related to the policy. You can provide them through mail at the address listed above, and/or via email to bbrehm@kantorlaw.net.

Because Kantor and Kantor represents the LHHMW Trust, any payments made by Transamerica in favor of the LHHMW Trust must be sent to my office. All future communication regarding the policy must come to my office. I look forward to your prompt response to this request.

Very truly yours,

BRENT DORIAN BREHM, Esq.

*BB/hk*

```
0003242          11-24
Office AU #      1210(8)
```

**CASHIER'S CHECK**

SERIAL #: 0324203002
ACCOUNT#: 4861-512911

Remitter:           WILLIAM ANDERSON
Purchaser:          WILLIAM ANDERSON
Purchaser Account:  ......6033
Operator I.D.:      u638916
Funding Source:     Paper Item(s)

PAY TO THE ORDER OF  ***TRANSAMERICA***

February 18, 2021

**Twenty Thousand Four Hundred Seventy-Five and 99/100 -US Dollars**

**$20,475.99**

Payee Address:
Memo:      POLICY NO 92254522

VOID IF OVER US $ 20,475.99

WELLS FARGO BANK, N.A.
6099 S STATE ST
MURRAY, UT 84107
FOR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER-IF THIS INSTRUMENT IS LOST, STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION AND REISSUANCE. AS A CONDITION TO CANCELLATION AND REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A FEE AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

**NON-NEGOTIABLE**

**Purchaser Copy**

FB004 (10/19) M4203 90275272

---

PRINTED ON LINEMARK PAPER · HOLD TO LIGHT TO VIEW · FOR ADDITIONAL SECURITY FEATURES SEE BACK

**CASHIER'S CHECK**

```
0003242          11-24
Office AU #      1210(8)
```

0324203002

Remitter:       WILLIAM ANDERSON
Operator I.D.:  u638916

PAY TO THE ORDER OF  ***TRANSAMERICA***

February 18, 2021

**Twenty Thousand Four Hundred Seventy-Five and 99/100 -US Dollars**

**$20,475.99**

Payee Address:
Memo:      POLICY NO 92254522

VOID IF OVER US $ 20,475.99

WELLS FARGO BANK, N.A.
6099 S STATE ST
MURRAY, UT 84107
FOR INQUIRIES CALL (480) 394-3122

Authorized Signature

⑈0324203002⑈ ⑆121000248⑆ 4861 512911⑈